FRANK LEMELIN'S CASE.

Somerset.    Opinion April 7, 1924.

*The rights and liabilities of the parties under the Workmen's Compensation Act are fixed and governed by the statute in force at the time of the accident. Sec. 16, Chap. 50, R. S., before the amendment in 1921, Public Laws, Chap. 222, Sec. 7, granted compensation for partial but not for total incapacity for labor after the termination of specific compensation. The statute fixes no limitation of time within which incapacity for labor petitions must be filed.*

The claimant's first petition for compensation for total incapacity was rightly dismissed, for there was no authority therefor under the statute in force at the time of the accident.

The present petition for compensation for partial incapacity has not been before this court before and the doctrine of res judicata does not apply.

The record in the instant case contains admissible and substantial evidence upon which the chairman's findings of fact may rest.

On appeal.    On May 21, 1918, claimant while in the employ of the American Woolen Company at Fairfield as a tender on a picking machine suffered a compensable accident which resulted in the loss of his right hand at the wrist.    The parties entered into an agreement for specific compensation for one hundred and twenty-five weeks which was approved by the Commission August 24, 1918, and paid, the last payment being November 18, 1920.

On January 21, 1921, claimant filed a petition for compensation for total incapacity which was finally dismissed by the Law Court, 121 Maine, 72, for there was no authority therefor under the statute in force at the time of the accident.    On April 5, 1923, claimant filed a petition for compensation for partial incapacity which was awarded and respondents entered an appeal.

Appeal dismissed with costs.    Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

*P. A. Smith*, for petitioner.

*Andrews, Nelson & Gardiner*, for respondents.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J.    This Workmen's Compensation case is before the court for the second time, and a brief history of the prior proceedings is necessary to a complete understanding of the legal situation.

The claimant was injured on May 21st, 1918, while in the employ of the American Woolen Company at Fairfield.    An agreement for compensation was entered into by the parties and approved by the Commissioner of Labor August 24, 1918, whereby the claimant was to receive $7.27 per week for a period of one hundred twenty-five weeks, beginning June 4, 1918.    This agreed compensation was paid in full, the last payment being made on November 18, 1920.

On January 21, 1921, the claimant filed a petition for compensation for total disability.    This petition was dismissed by the Law Court. *Lemelin's Case*, 121 Maine, 72.    The court held that the petition could not be sustained as a petition for review, because it was not in the form of such a petition, and if it had been it was barred by the limitation prescribed by Section 36 of the Compensation Act.    The opinion then considers it as an "original" petition and held it to be barred by the two-year limitation specified in Section 39, and therefore denied relief.

The petition might perhaps, be termed original in the sense that it was the first one filed in the case, the original claim and adjudication being based upon the approved agreement which had the force of a judgment.    But it would have been more technically accurate and have led to less misunderstanding had the petition been considered

by the court as brought under R. S., 1916, Chap. 50, Sec. 16, to obtain compensation for total incapacity for work after the specified period covered by the agreement. However, the result would have been the same. The rights and obligations of the parties are fixed and governed by the statute in force at the time when the accident occurred. *Gauthier's Case*, 120 Maine, 73; *Shink's Case*, 120 Maine, 80.

The accident to Lemelin happened on May 21st, 1918, and therefore came under the provisions of R. S., 1916, Chap. 50, Sec. 16, which provided as follows: "In cases included in the following schedule the disability in each case shall be deemed to be total for the period specified, and after such specified period if there be ·a partial incapacity for work resulting from the injury specified the employee shall receive compensation while such partial incapacity continues under the provisions of section 15." . . . .

There was at that time no authority for granting compensation for total incapacity for labor after the specified period of total disability. It was only for partial incapacity for labor. The amendment incorporating the words "total or" was passed by the Legislature three years after the accident. Public Laws, 1921, Chap. 222, Sec. 7. Since that amendment went into effect compensation for either "total or partial incapacity for work" can be secured after the expiration of the specified period, if the facts warrant it. But this amendment was adopted too late to avail this claimant. His rights were controlled by the original act and under that his petition could not be granted. The result reached in *Lemelin's Case*, 121 Maine, 72, was therefore correct. This has been already explained in *Morin's Case*, 122 Maine, 338 at 344.

The pending petition now under consideration asks compensation for partial incapacity for labor following the expiration of the specified period. This petition or one asking the same relief has not been before the Commission nor this court prior to this time, therefore the defense of res adjudicata cannot apply, as it does in Graney's Case reported in 123 Maine,      . True, nearly five years have elapsed since the accident, but it should be understood by the profession once for all that the statute fixes no limitation within which an incapacity for labor petition should be filed. It is not a petition for review under Section 36, nor the original petition under Section

30, filed in absence of an agreement of the parties and upon which a decree of the Commission and of the court is based.   The limitation for that petition is two years under Section 39.

This is a subsequent petition to which no such express limitation applies.   This has been squarely and definitely settled. · *Morin's Case,* 122 Maine, 338; *Milton's Case,* 122 Maine, 437; *Foster's Case,* 123 Maine, 27; *Collins' Case,* 123 Maine, 74; *Crabtree's Case,* 123 Maine,        , 121 Atl., 678.   If there is anything in *Lemelin's Case,* 121. Maine, 72, or *Graney's Case,* 121 Maine, 500, which would seem to indicate the contrary, that portion is distinctly overruled.

In *Morin's Case,* 122 Maine, supra, the court in discussing Lemelin's Case said, by way of dictum:   "It may be, but upon that point we express no opinion without the record before us, that Lemelin may still maintain a petition for compensation for partial incapacity, continuing after the specified period under section 16."   This guarded prophecy is now fulfilled.

The Chairman of the Commission having jurisdiction of this petition found the claimant entitled to compensation for partial incapacity to work in the sum of $6.15 per week, commencing at the date of the last payment of the one hundred twenty-five weeks of specific compensation and continuing according to the provisions of the statute in effect May 21, 1918, when the accident occurred. The record contains admissible and substantial evidence upon which this finding of fact may be grounded.   It is not therefore to be set aside.

*Appeal dismissed with costs.*
*Decree of sitting Justice affirmed.*