## Thomas O. EATON

### v.

## BATH IRON WORKS CORP., et al.

Supreme Judicial Court of Maine.

Argued Sept. 19, 1985.

Decided Jan. 3, 1986.

---

McTeague, Higbee, Libner, Reitman, MacAdam & Case, Jonathan Reitman, (orally), Brunswick, for plaintiff.

Richardson, Tyler & Troubh, Kevin Gillis, Eve H. Cimmet, (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE,* WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Thomas O. Eaton, the employee, appeals from the decision of the Appellate Division of the Workers' Compensation Commission reversing a single commissioner's award of benefits. We review the action of the Appellate Division for errors of law only, and affirm the Appellate Division's decision to reverse the single commissioner.

In May of 1980, the employee reported back problems to his foreman at Bath Iron Works (BIW) that he believed were caused by his work as a forklift operator. The foreman responded to the employee's complaints by telling him that he would have to continue in his present position despite the alleged difficulties. Very soon thereafter Eaton reported the situation to the first aid department at BIW and requested a transfer to a different position.

Although the timing of the transfer is unclear, the employee was eventually moved to the position of material clerk. Despite the change, however, Eaton continued to experience back pain that caused him to miss an increasing number of days from work.

As a result, on November 15, 1982, over two years after he first notified BIW of his injury, Eaton filed a petition for award seeking compensation for back injuries arising out of his employment. The employer subsequently filed its notice of injury pursuant to 39 M.R.S.A. § 106 (1978) on November 23, 1982 and answered the petition on December 6, 1982 asserting, *inter alia*, the statute of limitations as a defense.

Following a hearing on the petition, a single commissioner of the Worker's Compensation Commission awarded Eaton compensation for various dates in 1982 and 1983, and held that the employer was estopped from raising the statute of limitations as a defense. In findings of facts and conclusions of law, requested by the employer, the commissioner found that the statute of limitations could not be raised because 1) BIW was equitably estopped from asserting such a defense in light of its failure to file a timely first report of injury and 2) transfer of the employee to the position of material clerk following notice of his injury constituted provision of a "benefit" under 39 M.R.S.A. § 95 (1978) that tolled the statute of limitations.

Following this award, the employer appealed the commissioner's decision to the Appellate Division contending that rejection of its statute of limitations defense was an error of law. The Appellate Division agreed and reversed the single commissioner's decision to award benefits to the employee. In response to this reversal, the employee filed a petition for appellate review to this Court pursuant to 39 M.R.

---

* Violette, J., sat at oral argument and participated in the initial conference, but participated no further.

S.A. § 103–C (Pamph.1985) alleging that the Appellate Division committed an error of law by permitting the employer to assert the statute of limitations as a defense in this case.

## I.

As his first point on appeal, the employee attacks the Appellate Division's reversal of the single commissioner's ruling that "as a matter of law, ... the employer is estopped from asserting ... [the statute of limitations, as a] defense." Eaton argues that the doctrine of equitable estoppel should be applied in this case to prevent assertion of the statute of limitations as a defense because BIW failed to file a timely notice of first injury as required by 39 M.R.S.A. § 106 (1978).[1] Had BIW filed a timely notice of injury, Eaton claims, the notification mechanism of 39 M.R.S.A. § 106–A (Pamph.1985)[2] would have been triggered, and he would have been informed about the two year statute of limitations. Inasmuch as his failure to file a claim within the statute of limitations was caused by the inactivity of the employer, Eaton argues that BIW should be equitably estopped from using this defense.

On appeal the Appellate Division could find no evidence in the record to support the application of the doctrine of equitable estoppel. We review the commissioner's conclusion independently of the Appellate Division, *Lagasse v. Hannaford Brothers Co.*, 497 A.2d 1112, 1119 (Me.1985), but we also conclude that the commissioner erred in holding that the employer is estopped to deny the timeliness of the employee's petition.

The statute of limitations provision in existence at the time the employee learned of his work related injury only provided for two excuses for delay in filing a petition for award: 1) physical or mental incapacity and 2) mistake of fact as to the cause and nature of the injury.[3] Maine law, however,

1. 39 M.R.S.A. § 106 (1978) provides in pertinent part:

 Whenever any employee has reported to an employer under the Act any injury arising out of and in the course of his employment which has caused the employee to lose a day's work or has required the services of a physician, or whenever the employer has knowledge of any such injury, every such employer shall within seven days after said notice or knowledge make report thereof to the commission, with the average weekly rates of earnings of such employee, together with such particulars as the commission may require; ...

2. 39 M.R.S.A. § 106–A (Pamph.1985) provides: Within 15 days of receipt of an employer's notice of injury, as required by section 106, unless it has received a petition for award of compensation relating to the injured employee, the commission shall take reasonable steps to notify the employee that, unless the employer disputes the claim, the employer is required to pay compensation within the time limits established in section 51–B, subsections 3 and 4; that a petition for award may be filed; section 110 of the Act provides for the payment of attorney's fees under certain circumstances; and rights under the Act may not be protected unless a petition for award or memorandum of payment is on file with the commission within two years of the injury.

3. 39 M.R.S.A. § 95 (1978) *amended by* P.L.1983 ch. 46 provided:

 Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. Any time during which the employee is unable by reason of physical or medical incapacity to file said petition shall not be included in the period aforesaid. If the employee fails to file said petition within said period because of mistake of fact as to the cause and nature of the injury, he may file said petition within a reasonable time. In case of the death of the employee, there shall be allowed for filing said petition one year after such death. No petition of any kind may be filed more than 10 years following the date of the latest payment made under this ACT.

 Although Section 95 was amended in 1983 to include the following language "the 2 year period in which an employee may file his claim does not begin to run until his employer, if he has actual knowledge of the injury, files a first report of the injury as required by section 106 of the Act....," there is no basis for applying the statute to revive a claim that was barred before the statute was enacted. In fact, the employee does not contend that this amendment should be applied retroactively.

does recognize the doctrine of equitable estoppel that may be employed in certain instances as a "doctrine of fair dealing" in worker's compensations cases in order to prohibit inequitable results. *Pino v. Maplewood Packing Co.,* 375 A.2d 534, 539 (Me.1977). Successful invocation of the equitable estoppel principle, however, requires a demonstration that the conduct "relied upon must have induced the party seeking to enforce an estoppel to do 1) what resulted to his detriment and 2) what he would not otherwise have done." *Townsend v. Appel,* 446 A.2d 1132, 1133–34 (Me. 1982) (quoting *Roberts v. Maine Bonding & Casualty Co.,* 404 A.2d 238, 241 (Me. 1979). The party seeking to assert equitable estoppel bears the burden of establishing the facts necessary to support the successful application of the doctrine. *Townsend,* 446 A.2d at 1134. Thus, in this case it was incumbent on the employee to establish a causal link between BIW's failure to file a first report of injury and his delay in filing a petition for award.

Our review of the record reveals that the employee failed to advance any evidence tending to establish such a causal connection. The record is devoid of evidence that the employer's failure to file a report of injury had the effect of causing the employee to refrain from filing a petition. The doctrine of equitable estoppel has no application under the facts of this case.

## II.

■ As his second point on appeal, Eaton argues that the commissioner's alternative ruling that the statute of limitations was tolled in this case under 39 M.R.S.A. § 95 (1978) *amended by* P.L.1983, ch. 46 because transfer to the position of material clerk was "provision of a benefit required by the Act", requires that his claim be upheld. This Court has never decided that transfer of an employee to lighter duty work for the same or higher pay constitutes "payment for benefits" that tolls the statute of limitations under section 95. This case does not present the issue because the record does not support a finding that the employee was transferred to lighter work because of his injury.

Although there is no dispute among the parties that the employee gave notice of an alleged back injury to BIW in May of 1980 and that a transfer took place, the evidence does not show that this transfer was in response to the injury. In fact, the transfer occurred several months after the employee's complaint. By the employee's own admission, it was "some time" after such notice to BIW that he received a new classification as a material clerk. According to the employer's records, the transfer was not effected until November 3, 1980, five months after the employee reported his injury. Furthermore, the record contains no testimony by the employer or the employee that either believed the transfer was in response to the employee's complaints of injury. Moreover, the record provides no inferential support for the conclusion that the transfer constituted a benefit. We do not know whether the salary received by the employee in his new position was comparable to or greater than the salary he received as a forklift operator. The employee's claim is not saved by the language of section 95.

The entry is:

Decision of the Appellate Division of the Workers' Compensation Commission affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.