# Virginia RUTTER

### v.

## ALLSTATE AUTOMOBILE INSURANCE CO.

### and

### Allstate Insurance Co.

Supreme Judicial Court of Maine.

Argued Jan. 3, 1995.

Decided March 21, 1995.

Dwight A. Fifield (orally), Childs, Emerson, Rundlett, Fifield & Childs, Portland, for employee.

Alison A. Dunham (orally), Douglas, Whiting, Denham & Rogers, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Virginia Rutter appeals from a decision of the Workers' Compensation Board denying her petition for benefits finding that her claim is time-barred by the two-year statute of limitations. *See* 39 M.R.S.A. § 95 (1989). Because we conclude that the payment of medical expenses triggered an exception to the two-year statute of limitations, we vacate the decision of the Board and remand for further proceedings.

Virginia Rutter injured her knee in 1981 while employed by Allstate Automobile Insurance Company (Allstate). The parties have stipulated that Allstate paid medical expenses within every two-year period fol-

lowing the injury until a final payment on May 9, 1989. Rutter filed a petition for award of benefits on December 15, 1992. The Board initially granted the petition, but in response to Allstate's motion for findings of fact, it reversed its position and ruled that Rutter's claim is barred by the statute of limitations. We granted Rutter's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994).

At the time of Rutter's petition in 1992, section 95 provided, in pertinent part that

[a]ny employee's claim for compensation under this Act is barred unless an agreement or a petition as provided in Section 94 is filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act.... No petition of any kind may be filed more than 6 years following the date of the latest payment made under this Act. *For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B or 52 are considered payments under a decision pursuant to a petition, unless a timely notice of controversy has been filed.*

39 M.R.S.A. § 95 (Supp.1992) (emphasis added).[1]

Rutter contends that, pursuant to the last sentence of section 95, the payments of medical expenses must be considered "payments under a decision pursuant to a petition," thereby triggering the exception to the two-year statute of limitations. Allstate argues that the last sentence of section 95, which

was originally enacted in 1983 and amended in 1989, does not apply retroactively to Rutter's 1981 date of injury. As we noted in *Danforth v. L.L. Bean, Inc.,* 624 A.2d 1231, 1232 (Me.1993), however, in the absence of a legislative statement to the contrary, amendments to section 95 are procedural and may be applied retroactively to extend the statute of limitations as long as the employee's claim was not extinguished on the effective date of the amendment. *Id.; see also Dobson v. Quinn Freight Lines,* 415 A.2d 814, 816 (Me. 1980). At the time of Rutter's injury, the first sentence of section 95 provided that any payment of benefits by an employer extends the statute of limitations for two years from the date of payment. *See* P.L.1975, ch. 372 (effective October 1, 1975). In this case, the final benefit was paid in the form of a medical payment in May of 1989. That payment extended Rutter's claim until May of 1991. Accordingly, Rutter's claim was actionable on the effective date of the 1989 amendment, and that amendment extended the limitations period on Rutter's claim to ten years. *See* P.L.1989, ch. 256, § 4 (effective September 30, 1989).[2]

Allstate argues that because the last sentence of section 95 was originally enacted in 1983 as part of the "early pay system," it was intended to apply only to injuries arising after 1983. The early pay system was designed to reduce attorney involvement and encourage informal acceptance of claims, and the last sentence of section 95 enabled employees to extend the life of their claims without filing a formal petition. P.L.1983, ch. 587, § 1 (effective December 7, 1983); *see also* L.D. 1803, Statement of Fact (111th Legis.1983); *Wentworth v. Manpower Temporary Servs.,* 589 A.2d 934, 938 (Me.1991); *Stickles v. United Parcel Serv.,* 554 A.2d 1176, 1178 (Me.1989). As originally enacted in 1983, the last sentence of section 95 provided that "[f]or the purposes of this section,

---

1. Section 95 has been repealed and replaced by 39–A M.R.S.A. § 306. *Maine Workers' Compensation Act of 1992,* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Because the proceeding was pending on the effective date of Title 39–A, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works,* 639 A.2d 626, 627–28 (Me.1994).

2. The last sentence of section 95 was amended prior to Rutter's petition and reduced the time limitation after the date of latest payment from 10 years to 6 years. P.L.1991, c. 615, § A–44 (effective October 17, 1991). Because Rutter's petition was filed well within six years of the latest payment, we express no opinion whether the six-year or the ten-year statute applies.

payments of benefits made by an employer or insurer pursuant to section 51–B shall be considered payments under a decision unless a timely notice of controversy has been filed." P.L.1983, ch. 587, § 1 (effective December 7, 1983). Therefore, Allstate contends that, because section 51–B expressly applies only to injuries arising after December 31, 1983, 39 M.R.S.A. § 51–B(1) (1989), the last sentence of section 95 was intended to apply only to cases arising after 1983.

In 1989, however, the Legislature amended the last sentence of section 95 to provide that "payments of benefits made by an employer or insurer pursuant to section 51–B *or 52* are considered payments under a decision *pursuant to a petition* unless a timely notice of controversy has been filed." P.L.1989, ch. 256, § 4 (effective September 30, 1989) (emphasis added). The plain language of section 95, as amended in 1989, requires the application of the last sentence to all cases in which payments are made pursuant to section 52, regardless of whether they arise under the early pay system. The reference to a "timely notice of controversy" is inapt when applied to payments under section 52, but that inaptness does not serve to limit the application of the last sentence to medical payments *for injuries arising after 1983.*

The entry is:

Decision of the Workers' Compensation Board vacated. Case remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

It is ordered that the employer pay to the employee $750 for her attorney fees plus her reasonable out-of-pocket expenses for this appeal.

All concurring.