Carol **CARROLL**

v.

**GATES FORMED FIBRE PRODUCTS**

and

**Scott Wetzell Services, Inc.**

Supreme Judicial Court of Maine.

Argued May 2, 1995.

Decided July 31, 1995.

Kevin M. Noonan (orally), Janmarie Toker, McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Kevin G. Anderson (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Carol Carroll appeals from a decision of the Workers' Compensation Commission denying her petition for order of payment contending that her employer, Gates Formed Fibre Products, accepted the injury by failing to timely controvert the claim. 39 M.R.S.A. § 51–B (1989).[1] The Commissioner found that, although the employer had notice of the injury, the employer had no notice or knowledge of an event that constituted an obligation to pay benefits. Finding no error in the Commissioner's decision, we affirm.

Carroll suffered a head injury on Wednesday, April 29, 1987, her first day of employment with Gates. Carroll returned to work on Monday, May 4, worked half a day, and then quit stating that she was afraid of the machinery and got headaches from the noise. In 1989 Carroll filed a petition for order of payment contending that Gates had accepted her claim for total and continuing incapacity benefits by failing to file a timely notice of controversy pursuant to section 51–B(7). Following the Commission's denial of Carroll's petition, the Appellate Division failed to resolve Carroll's appeal prior to January 1, 1994, and we granted her petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1994–95).

Carroll contends that section 51–B(3) obligated Gates to pay her incapacity benefits fourteen days after it learned of her injury. Subsection 51–B(3), provides, in pertinent part:

The first payment of compensation for incapacity ... is due and payable within 14 days after the employer has notice or knowledge of the injury....

39 M.R.S.A. § 51–B(3) (1989). Further she argues that because Gates failed to file a notice of controversy within forty-four days of her injury section 51–B(7) estops Gates from contesting its liability thereafter. Section 51–B(7) provides, in pertinent part:

If the employer, prior to making payments under subsection 3, controverts the claim to compensation, he shall file with the commission, within 14 days *after an event which gives rise to the obligation to make payments under subsection 3,* a notice of controversy in a form prescribed by the commission....

If at the end of the 14–day period in subsection 3 ... the employer has not filed the notice as required by this subsection, he shall begin payments as required under [that] subsection[ ]. In the case of compensation for incapacity under subsection 3, he may cease payments and file with the commission a notice of controversy, ... no later than 44 days *after an event which gives rise to an obligation to make payments under subsection 3.* Failure to file the required notice of controversy prior to the expiration of the 44–day period, ... constitutes acceptance by the employer of the *compensability of the injury or death....*

39 M.R.S.A. § 51–B(7) (1989) (emphasis added). *See Wentworth v. Manpower Temp. Servs.,* 589 A.2d 934, 937 (Me.1991); *Stickles v. United Parcel Serv.,* 554 A.2d 1176, 1179 (Me.1989).

Relying on section 53 that provides, in pertinent part, "[n]o compensation for incapacity ... shall be payable for the first 3 days of incapacity...," 39 M.R.S.A. § 53 (1989), the Commission ruled that until Gates received notice or had knowledge that Carroll missed three days of work because of her injury, it had no duty to pay incapacity benefits. We agree.

Carroll contends that she missed four days for purposes of section 53, including at least one nonworkday (Sunday), and therefore Gates had a duty to controvert her claim

---

1. Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensation Act of 1992,* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Because the proceeding was pending on the effective date of Title 39–A, however, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works,* 639 A.2d 626, 627–28 (Me.1994).

of injury.[2] This argument is misplaced. Even if Carroll had missed four days for purposes of section 53, the Commission found Gates had no *notice or knowledge* that the employee lost four days of employment *as a result of her injury* and therefore Gates had no notice of the obligation to pay benefits for lost time.

 As we have stated, section 51–B does not contemplate "formal claims." Nevertheless,

> it is difficult to read [section 51–B] as not contemplating some sort of claim or request by an employee. It would be impossible for an employer to know how much to pay ... without some indication of an employee's demand. And clearly there must be something to controvert before an employer can know what to file in its notice of controversy.

*Stickles,* 554 A.2d at 1180. We conclude that, although the employee may not be required to give affirmative notice of a claim in all cases, the employer must have some knowledge, either from the employee or from the circumstances of the injury, that it has an obligation to pay incapacity benefits before it will be deemed to have accepted an injury by failing to controvert a claim.

Carroll contends that Gates had knowledge of an event triggering an obligation to pay benefits when she quit her employment. Carroll gave as her reason for quitting that "she did not like her job, was afraid of the machinery and got headaches from the noise." The Commission reasonably, and on competent evidence, concluded that Gates did not have knowledge that Carroll quit her employment as a result of her injury, or that she was making a claim for compensation.

 Carroll finally contends that, because her injury arose prior to the effective date of Title 39–A, she had a vested right to consideration of her appeal by the former Appellate Division. Even if Carroll did have a "vested right" to some level of benefits when injured, the Legislature is free to alter the administrative procedures for adjudicating her claim.

*Tompkins v. Wade & Searway Constr. Corp.,* 612 A.2d 874, 878 (Me.1992). *See also Rutter v. Allstate Auto. Ins. Co.,* 655 A.2d 1258, 1259 (Me.1995); *Danforth v. L.L. Bean, Inc.,* 624 A.2d 1231, 1232 (Me.1993); *Norton v. C.P. Blouin, Inc.,* 511 A.2d 1056, 1061–62 (Me. 1986).

The entry is:

Decision of the Workers' Compensation Commission affirmed.

All concurring.

---

2. Commission rule 4.9 provides that "[t]he first three days of incapacity described in § 53 shall be calculated as the first three consecutive calendar days, not work days." Me.W.C.C. Rule 4.9 (1989).