2001 ME 145

**Russell DAHMS**

v.

**OSTEOPATHIC HOSPITAL OF MAINE et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 13, 2001.
Decided: Oct. 22, 2001.

Robert W. Kline, Esq. (orally), Kline Law Offices, Portland, for employee.

Darby C. Urey, Esq. (orally), Margaret Phair Sack, Esq., Robinson Kriger & McCallum, Frank W. DeLong, Esq., Thompson & Bowie, Portland, for defendants.

Panel: WATHEN, C.J.,* and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Osteopathic Hospital of Maine appeals from a decision of a hearing officer of the Workers' Compensation Board granting the petitions of Russell Dahms for restoration and medical benefits pursuant to the Workers' Compensation Act. The hospital contends that the employee's petitions are time-barred because they were filed later than ten years after the date of the employer's last payment under the Act. *See* 39 M.R.S.A. § 95 (Supp.1982), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 306 (2001)). The hearing officer concluded that the employer's transfer of the employee to a light-duty work assignment on the recommendation of the hospital's occupational health nurse constituted a "payment" for purposes of tolling the statute of limitations.[1] We vacate the hearing officer's decision.

## I. BACKGROUND

[¶ 2] Dahms suffered a compensable right-knee injury on June 28, 1983, while employed in a housekeeping position at the hospital. Dahms underwent knee surgeries in 1983 and 1985. The hospital voluntarily paid medical and incapacity benefits pursuant to agreements in 1983 and 1986. The last payment of incapacity benefits to Dahms occurred on June 26, 1987. Dahms sought medical treatment from 1990 to 1993, but there is no evidence in the record that the hospital had notice of, or paid for, this treatment.

[¶ 3] The hospital employed Dahms in various reinstatement positions to accommodate his work-related injury. Dahms worked in the audiovisual department from 1985 to 1990, and in the print shop from 1990 to 1993. From 1993 forward, he was employed as a shuttle bus driver, which also included landscaping duties. The hearing officer found that in 1993 Dahms encountered the hospital's occupational health nurse in a hallway at work who

---

* Wathen, C.J., sat at oral argument and participated in the initial conference, but resigned before this opinion was adopted.

1. This case actually concerns that portion of 39 M.R.S.A. § 95 that is, more precisely, referred to as the statute of repose. In *Joyce v.* *S.D. Warren*, 2000 ME 163, ¶ 7, 759 A.2d 712, 715, we noted that section 95 contained a two-year statute of limitations and a longer term statute of repose. The entire statute, however, is often referred to as the statute of limitations.

questioned Dahms about his swollen right knee. The nurse asked Dahms what work he was doing, and he told her. The day after the chance meeting with the nurse, Dahms was relieved of his landscaping duties and was required only to drive the shuttle bus.

[¶ 4] Dahms' condition continued to deteriorate until he underwent a third surgery in 1997. Dahms filed petitions for restoration and to fix medical benefits in 1998. The hospital contended before the hearing officer that the petitions were barred because the employee had not received a payment of benefits for ten years pursuant to the former ten-year statute of repose. *See* 39 M.R.S.A. § 95 (Supp.1982).

[¶ 5] In his initial decree dated June 21, 1999, the hearing officer granted Dahms' petitions and awarded medical benefits and ongoing total incapacity benefits. The hearing officer stated:

> [T]he examination by [the nurse], cursory though it was, and the employer's immediate change in job duties which resulted from her seeing and speaking with Mr. Dahms, constituted the provision of a benefit under the Act sufficient to toll the statute of limitations. *Eaton v. Bath Iron Works Corp.*, 502 A.2d 1040 (Me.1986).
>
> The evidence also demonstrates that the change in duties was a benefit to not only the employee but also the employer. While Mr. Dahms's knee continued to deteriorate so that he eventually needed more surgery in 1997, the medical records indicate that, had he continued with those ground keeping duties, he would have required the repeat surgery sooner. The change enabled Mr. Dahms to work with much less physical difficulty.

[¶ 6] We granted the hospital's first petition for appellate review in April 2000, pursuant to 39–A M.R.S.A. § 322 (2001),

and summarily vacated and remanded to the Board for an analysis consistent with our decision in *Moreau v. S.D. Warren Co.*, 2000 ME 62, 748 A.2d 1001. In *Moreau*, we held that in-house medical treatment does not constitute a payment for purposes of tolling the statute of repose.

[¶ 7] On remand, the hearing officer reaffirmed its earlier decision, relying on our decision in *Eaton v. Bath Iron Works Corp.*, 502 A.2d 1040, 1043 (Me.1986). The hearing officer stated:

> In *Eaton*, the Court mentioned but did not address the factual issue presented by this case. Here, Mr. Dahms has established that the employer changed his job duties in 1993 because the employer's occupational health nurse saw that the work he had been doing had caused his right knee to swell. As set forth in the decree, the immediate transfer benefitted both the employee and the employer.

We granted the hospital's second petition for appellate review.

## II. DISCUSSION

[¶ 8] On the date of Dahms' injury in 1983, the statute of limitations provided, in pertinent part:

> Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in Section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act.... No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act.

39 M.R.S.A. § 95 (Supp.1982).[2]

■ [¶ 9] The hospital contends that the word "payment" suggests a payment of money and does not reasonably include a change of work duties. We agree. We have traditionally interpreted the term "payment made under the Act" to refer to monetary payments, either made directly to the employee, as in the case of incapacity benefits, or to a third party for the purchase of an employee benefit, for example, the payment of medical expenses, *see, e.g., Rutter v. Allstate Auto. Ins. Co.,* 655 A.2d 1258, 1259–60 (Me.1995), or attorney fees, *see Johnson v. Bath Iron Works Corp.,* 551 A.2d 838, 840 (Me.1988).[3]

[¶ 10] We have also interpreted the term "payment" to exclude an employer's direct provision of medical care to an employee when there is no "payment" to a third person. In *Wallace v. S.D. Warren Co.,* 640 A.2d 203, 204–05 (Me.1994), we held that the provision of in-house medical treatment was not a payment pursuant to the early pay system, 39 M.R.S.A. § 51–B

(1989), *repealed by* P.L.1991, ch. 885, § A–7, for purposes of tolling the two-year statute of limitations.[4] We stated: "It is difficult to construe [the] language [of the first sentence of section 95] to apply to the direct provision of services at an employer's first aid station." *Id.* Similarly, in *Joyce v. S.D. Warren Co.,* 2000 ME 163, ¶ 22, 759 A.2d 712, 717, we held that in-house medical treatment was not a "payment" pursuant to the medical benefits section, former 39 M.R.S.A. § 52 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 206 (2001)), for purposes of tolling the two-year statute.[5] Finally, in *Moreau,* 2000 ME 62, ¶ 9, 748 A.2d at 1004, we held that the provision of in-house medical treatment was not a "payment made under this Act" for purposes of the ten-year statute of repose. This trilogy of cases holds that the term "payment" in the statute of limitations refers to the payment of money for a benefit or service, rather than the provision of some other direct benefit.[6]

---

2. Section 95 was amended in 1991 to change the statute of repose from ten years to six years. P.L.1991, ch. 615, § A–44 (effective October 9, 1991). Pursuant to the implementing statute, this amendment expressly applies only to injuries occurring after the effective date of the 1991 amendments and therefore, the six-year statute does not apply to Dahms' 1981 injury. Similarly, the current six-year statute of repose contained in 39–A M.R.S.A. § 306 (2001), is also expressly inapplicable to injuries prior to 1993, and, therefore does not apply. *See* P.L.1991, ch. 885, § A–10.

3. Dahms does not contend that the transfer to light-duty employment constituted a "reinstatement" pursuant to 39–A M.R.S.A. § 218 (2001). Moreover, we have held that section 218 is only applicable when an employee first files a petition seeking reinstatement pursuant to the statute, which has not occurred in the present case. *See Thompson v. Claw Island Foods,* 1998 ME 101, ¶ 5, 713 A.2d 316, 317–18.

4. The version of section 95 at issue in *Wallace* was the same as the version at issue in this case, except a sentence had been added: "For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B shall be considered payments under a decision unless a timely notice of controversy has been filed." 39 M.R.S.A. § 95 (1989).

5. At the time of the employee's injury in *Joyce,* the final sentence of section 95 had been amended to provide: "For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B *or 52* are considered payments under a decision *pursuant to a petition,* unless a timely notice of controversy has been filed." 39 M.R.S.A. § 95 (Supp.1992) (emphasis added).

6. Dahms has not cited, nor have we found, legal authority in any jurisdiction treating a transfer to light-duty work as a "payment" for purposes of the statute of limitations. *See generally* 7 ARTHUR LARSON & LEX K. LARSON,

[¶ 11] The hearing officer purported to rely on our decision in *Eaton*, 502 A.2d at 1043, which was expressly decided on other grounds and does not decide the question raised here. In *Eaton*, the employee argued, in part, that his transfer to lighter work was a payment for purposes of the statute of limitations. *Id.* We rejected the employee's contention because there was no evidence that the work transfer in *Eaton* occurred as a result of the employee's injury. *Id.* We stated: "This Court has never decided that transfer of an employee to lighter duty work for the same or higher pay constitutes 'payment for benefits' that tolls the statute of limitations under section 95." *Id.* The instant case requires us to address the issue that we did not reach in *Eaton*. Consistent with the plain language of the statute, we conclude that a transfer to light-duty employment is not a payment for the purposes of tolling the statute of repose.

[¶ 12] Dahms also contends that the hearing officer's interpretation is supported by the Legislature's recent amendment to the current statute of limitations, 39–A M.R.S.A. § 306(2)(A) (2001). The newly enacted amendment provides:

A. The provision of medical care for an injury or illness by or under the supervision of a health care provider employed by, or under contract with, the employer is the payment of benefits with respect to that injury or illness if:

(1) Care was provided for that injury or illness on 6 or more occasions in the 12–month period after the initial treatment; and

(2) The employer or the health care provider knew or should have known that the injury or illness was work-related.

For the purposes of this paragraph, "health care provider" has the same meaning as provided in rules of the board.

P.L.2001, ch. 435, § 1 (effective September 21, 2001), *amending* 39–A M.R.S.A. § 306(2)(A) (2001). We do not decide the multiple questions that underlie the applicability of the new statute to this case because an amendment to the statute of limitations cannot extend the life of a claim that has previously expired. *See Rutter*, 655 A.2d at 1259 ("[I]n the absence of a legislative statement to the contrary, amendments to section 95 are procedural and may be applied retroactively to extend the statute of limitations *as long as the employee's claim was not extinguished on the effective date of the amendment*") (emphasis added); *Danforth v. L.L. Bean, Inc.*, 624 A.2d 1231, 1232 (Me.1993); *Dobson v. Quinn Freight Lines, Inc.*, 415 A.2d 814, 816 (Me.1980). In the present case, the last payment for purposes of tolling the statute of repose occurred on June 26, 1987. Dahms filed his petitions for restoration and to fix medical benefits on July 7, 1998. Dahms' claim was therefore extinguished in June 1997, prior to the effective date of the 2001 amendment.

The entry is:

Decision of the hearing officer vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.