**Joseph R. WALLACE**

v.

**S.D. WARREN, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1993.

Decided April 15, 1994.

James J. MacAdam (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Kevin G. Anderson (orally), Richardson & Troubh, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

On December 28, 1985, Joseph R. Wallace developed back and leg pains while working for S.D. Warren. He sought treatment at S.D. Warren's in-house medical department on December 30, 1985, and was fitted with a molded back support on January 8, 1986. That same day S.D. Warren filed a first report of injury pursuant to 39 M.R.S.A. § 106 (1989), but never filed a memorandum of payment nor a notice of controversy. Wallace continued to work, without complaint or injury, for S.D. Warren until he suffered a compensable injury to his back on June 24, 1990.

Wallace first filed a petition for award of compensation on June 3, 1991 for the December 28, 1985 injury. The Workers Compensation Board found that Wallace's petition was time barred and Wallace appeals. Finding no error, we affirm.

39 M.R.S.A. § 95 (1989),[1] *repealed by* P.L. 1991, ch. 885, § A–7 (effective January 1, 1993), which applies to the present case, reads:

> Any employee's claim for compensation under this Act shall be barred unless an agreement or a petition as provided in section 94 shall be filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2–year period in which an employee may file his claim does not begin to run until his employer, if he has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act. Any time during which the employee is unable by reason of physical or mental incapacity to file the petition shall not be included in the period provided in this section. If the employee fails to file the petition within that period because of mistake of fact as to the cause and nature of the injury, he may file the petition within a reasonable time. In case of the death of the employee, there

---

1. We do not address the applicability of the 1989 amendments to section 95.

shall be allowed for filing said petition one year after that death. No petition of any kind may be filed more than 10 years following the date of the latest payment made under this Act. *For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B shall be considered payments under a decision unless a timely notice of controversy has been filed.*

(emphasis added).

Wallace's appeal focuses on the last sentence of section 95 and he argues that the provision of services at S.D. Warren's in-house medical department constituted a payment of medical expenses, aids, or other services pursuant to 39 M.R.S.A. § 51–B (1989), *repealed by* P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Because S.D. Warren failed to file a notice of controversy, Wallace argues that he had ten years in which to file a petition. Although we have declined to decide whether treatment at a first aid station constitutes a "payment under the Act" for purposes of commencing either the two year or the ten year periods provided in section 95, we have never had the opportunity to consider whether the provision of treatment at an in-house medical department constitutes payment pursuant to section 51–B(4).

In 1985–86, when the visits to the medical department occurred, section 51–B provided, in pertinent part, that:

> Compensation for medical expenses, aids and other services under section 52 is due and payable within 90 days from the date a request is made for payment of these expenses.

*See* P.L.1987, ch. 559, § B–17 (indicating the version of section 51–B(4) in effect in 1986). At the same time, 39 M.R.S.A. § 51–B(7) provided:

> If the employer, prior to making payments under subsection 4, controverts the claim to compensation, he shall file with the commission, within 90 days after an event

which gives rise to an obligation to make payments under subsection 4, a notice of controversy in a form prescribed by the commission. . . .

If, at the end of . . . the 90–day period in subsection 4, the employer has not filed the notice required by this subsection, he shall begin payments as required under those subsections. . . . Failure to file the required notice of controversy prior to the expiration of the 44–day period, in the case of compensation under subsection 3 [dealing with compensation for incapacity], constitutes acceptance by the employer of the compensability of the injury or death. Failure to file the required notice of controversy prior to the expiration of the 90 day period under subsection 4 constitutes acceptance by the employer of the extent of impairment claimed or the reasonableness of the medical services claimed.

*See* P.L.1987, ch. 559, § B–18 (indicating the version of section 51–B(7) in effect in 1986).

We find that the provision of medical services at S.D. Warren's in-house medical department, which included the provision of a back brace to Wallace, does not constitute a payment pursuant to section 51–B for purposes of the last sentence of section 95. Section 51–B(4) imposes a compensation or reimbursement scheme for medical expenses and aids. It is difficult to construe its language to apply to the direct provision of services at an employer's first aid station. Section 51–B(7) details how an employer can file a notice of controversy if, prior to making payments, the employer controverts the claim. It is inconceivable that the Legislature contemplated the filing of such a notice before the provision of first aid. Because the provision of medical services at S.D. Warren's medical department was not a payment of benefits pursuant to section 51–B, even accepting Wallace's argument that the services constituted "payments under the Act,"[2] the two

---

2. That the period of limitations could begin on the date of the provision of medical services is based upon Wallace's argument that the provision of medical services at the in-house medical department constitute a "payment under the Act" as paraphrased in the first and penultimate sentence of section 95. However, we wish to make clear that we do not decide whether the provision of services at an in-house medical department constitute "payments under the Act" for purposes of invoking the 2 year statute of limitations or the 10 year repose period. Instead, we limit our holding to finding only that the provision of medical services at S.D. War-

year statute of limitations commenced to run when S.D. Warren filed its first report of injury. Because approximately 5½ years elapsed between the filing of the first report and the filing of the petition for award, the petition is barred by section 95.

The entry is:

Judgment affirmed.

All concurring.

ren's in-house medical department in this instance did not constitute a payment *pursuant to*      *section 51–B.*