2000 ME 163

**Marie JOYCE**

v.

**S.D. WARREN COMPANY.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 2000.
Decided Sept. 28, 2000.

---

James J. MacAdam, Alexander McCann (orally), MacAdam & McCann, So. Portland, for the employee.

Thomas E. Getchell (orally), Ann I. Brandt, Troubh, Heisler & Piampiano, Portland, for the employer.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] The S.D. Warren Company has an in-house medical department providing employees treatment for on the job injuries. The services of that clinic have proven a significant generator of dispute on the issue of whether receiving in-house medical treatment tolls the statute of limitations provisions in the Workers' Compensation Act when the employer, having treated the employee's injury in the medical department, does not file a First Report of Injury with the Workers' Compensation Board.[1]

[¶ 2] S.D. Warren appeals from a decision of a Workers' Compensation Hearing Officer, granting the employee's petitions for award relating to two injuries in 1992 for which the employee received in-house medical treatment.[2] The hearing officer concluded that providing in-house medical treatment tolled the two-year statute of limitations and therefore the employee's claims were not barred by the statute of limitations. 39 M.R.S.A. § 95 (Supp.1992), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 306 (Pamph.1999)). In *Moreau v. S.D.*

---

1. *See Moreau v. S.D. Warren Co.,* 2000 ME 62, 748 A.2d 1001; *Wallace v. S.D. Warren,* 640 A.2d 203 (Me.1994).

2. S.D. Warren also appealed a reference to a 1990 injury claim in the hearing officer's decision. However, S.D. Warren acknowledges

that the issue regarding the 1990 injury claim is moot because the petition was denied based on causation. The issue regarding the 1990 injury claim is not discussed further in this opinion.

*Warren Co.*, 2000 ME 62, ¶ 9, 748 A.2d 1001, 1004, decided after the hearing officer's decision in this case, we held that the payment of in-house medical treatment does not constitute a "payment made under this Act" for purposes of extending the then applicable ten-year statute of repose.[3] Because S.D. Warren was not required to file a first report of injury to trigger the statute of limitations, and because the rationale of *Moreau* also applies to the two-year statute of limitations, we vacate the hearing officer's decision.

## I.  CASE HISTORY ·

[¶ 3] Marie Joyce began working at S.D. Warren in 1987, and had several injury claims which are not at issue in this case. In August 1998, Joyce filed petitions for award with the Workers' Compensation Board alleging an injury to her arms and hands occurring on April 30, 1992, and a low back injury on October 17, 1992. The parties stipulated that Joyce suffered both injuries in 1992, but that: (1) she had not received incapacity benefits for those injuries; (2) she received treatment and medical supplies by the doctors and nurses at S.D. Warren's in-house medical department, but no outside medical treatment; and (3) the employee's petitions were filed within six years of the receipt of in-house medical treatment. The hearing officer's decision indicated that Joyce lost no work as a result of the 1992 injuries.

[¶ 4] In May 1999, the hearing officer granted the employee's petitions for award and awarded protection of the Act relating to both dates of injury in 1992. Based on the parties' stipulations, the hearing officer found that the employee had not received any outside medical benefits for either date of injury and that she had not filed a petition for award within two years of either date of injury. The hearing officer also found that "no first report was filed

until after Petitions at issue in this matter were brought." The hearing officer concluded that the petitions relating to the 1992 injuries were not barred by the then applicable statute of limitations[4] because it viewed provision of in-house medical treatment as equivalent to payment for treatment to an outside medical provider.

[¶ 5] The hearing officer denied the parties' motions for further findings of fact and conclusions of law. We granted S.D. Warren's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Pamph. 1999).

## II.  DISCUSSION

[¶ 6] At the time of the 1992 injuries, the statute of limitations provided, in pertinent part:

> Any employee's claim for compensation under this Act is barred unless an agreement or a petition as provided in section 94 is filed within 2 years after the date of the injury, or, if the employee is paid by the employer or the insurer, without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act.... No petition of any kind may be filed more than 6 years following the date of the latest payment made under this Act. For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B or 52 are considered payments under a decision pursuant to a petition, unless a timely notice of controversy has been filed.

---

3.  The ten-year limitations period addressed in *Moreau* was changed to six years in 1991, P.L.1991, ch. 615, § A–44. It is now codified at 39–A M.R.S.A. § 306 (Pamph.1999).

4.  39 M.R.S.A. § 95 (Supp.1992), *repealed by* P.L.1991, ch. 885, § A–7.

39 M.R.S.A. § 95 (Supp.1992), *repealed by* P.L.1991, ch. 885, § A–7, A–8 (now codified as 39–A M.R.S.A. § 306 (Pamph.1999)).

[¶ 7] Section 95 has a two-year statute of limitations (the first sentence) and a six-year statute of repose (the second-to-last sentence). The two-year limitations period is not triggered unless the employer files a "first report of injury." The second sentence provides: "The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, files a first report of injury as required by section 106 of the Act...."

[¶ 8] The hearing officer expressly found that "no first report was filed until after Petitions at issue in this matter were brought." Joyce contends that, pursuant to the second sentence of section 95, the two-year statute did not run because of the failure of the employer to file a timely first report of injury. S.D. Warren counters that no first report of injury was "required by section 106 of the Act," and therefore the employer's failure to file a first report of injury did not bar the two-year statute from running.

[¶ 9] The employer's duty to file a first report of injury was stated in former section 106. Prior to 1991, section 106 provided, in pertinent part:

> Whenever any employee has reported to an employer under the Act any injury arising out of and in the course of his employment which has caused the employee to lose a day's work or has required the services of a physician, or whenever the employer has knowledge of any such injury, the employer shall report the injury to the commission within 7 days after he receives notice or has knowledge of the injury....

39 M.R.S.A. § 106 (1989), *amended by* P.L.1991, ch. 615, § A–50 (effective October 17, 1991). This language had re-

mained virtually unchanged since its enactment in 1939. *See* P.L.1939, ch. 276, § 11.

[¶ 10] In 1991, section 106 was amended to remove the requirement of a notice of injury when the employee receives the services of a physician. The amended statute provided, in pertinent part:

> Whenever any employee has reported to an employer under the Act any injury arising out of and in the course of the employee's employment that has caused the employee to lose a day's work, or whenever the employer has knowledge of any such injury, the employer shall report the injury to the commission within 7 days after he receives notice or has knowledge of the injury.... The employer shall complete a first report of injury form for any injury that has required the services of a health care provider within 7 days after the employer receives notice or has knowledge of the injury. The employer shall provide a copy of the form to the injured employee and retain a copy for the employer's records but is not obligated to submit the form to the commission unless the injury later causes the employee to lose a day's work.

P.L.1991, ch. 615, § A–49, *codified as* 39 M.R.S.A. § 106 (Supp.1992), *repealed and replaced by* P.L.1991, ch. 885, § A–7, A–8.[5] We have not had occasion to interpret this version of section 106 which applied only in part of 1991 and 1992.

[¶ 11] The last two sentences of section 106 indicate that the employer is required to complete a first report of injury in cases when the employee receives medical treatment, but is not required to *file* that first report. Thus, the final two sentences provide that when an employee suffers a "medical only" injury, the employer "*shall* complete a first report of injury form ... within 7 days after the employer receives notice or has knowledge of the injury," and

---

5. Although section 106 was repealed effective January 1, 1993, the new counterpart provision, 39–A M.R.S.A. § 303 (Pamph.1999), contains a virtually identical first report of injury requirement.

"provide a copy of the form to the injured employee and retain a copy for the employer's records," even though the employer is "not obligated to submit the form to the commission unless the injury later causes the employee to lose a day's work."

[¶ 12] There is nothing in the record to suggest that the employer completed a first report of injury form or provided Joyce with that form. However, former section 95 tolls the statute of limitations not on the *completion* of a first report of injury, but the *filing* of a first report of injury. The key language of section 95 is: "The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, *files* a first report of injury as required by section 106 of the Act...." 39 M .R.S.A. § 95 (Supp.1992), *repealed by* P.L.1991, ch. 885, § A–7 (emphasis added). Thus, even though section 106 requires an employer to complete a first injury report and provide it to the employee in the case of a "medical only" injury, the employer was not required to *file* the first report after 1991. Accordingly, the statute of limitations is not tolled when one does not file a first report of injury that is not required to be filed.

[¶ 13] Because failure to file a first report of injury did not toll the two-year statute of limitations, we briefly address whether the in-house medical treatment tolled the two-year statute of limitations.

[¶ 14] After 1989,[6] the last sentence of section 95 provided:

> For the purposes of this section, payments of benefits made by an employer or insurer pursuant to section 51–B or 52 are considered payments under a decision pursuant to a petition, unless a timely notice of controversy has been filed.

39 M.R.S.A. § 95 (Supp.1992), *repealed by* P.L.1991, ch. 885, § A–7.

6. *See* P.L.1989, ch. 256, § 4.

[¶ 15] This sentence means that, if the employer makes a payment without filing a notice of controversy, the effect will be the same as if the employee filed a petition for award and the hearing officer reached a decision awarding compensation—in other words, the two-year statute will be tolled.

[¶ 16] The hearing officer in this case concluded that, although pursuant to *Wallace v. S.D. Warren,* 640 A.2d 203, 204–05 (Me.1994), in-house medical services were not a payment pursuant to former 39 M.R.S.A. § 51–B (1989), *repealed by* P.L. 1991, ch. 885, § A–7, they were a payment pursuant to former 39 M.R.S.A. § 52 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 206 (Pamph.1999)).

[¶ 17] Section 52 provides the basic entitlement to employer payment of medical expenses, and provides, in pertinent part:

**§ 52. Duties and rights of parties as to medical and other services; cost**

An employee sustaining a personal injury arising out of and in the course of his employment or is disabled by occupational disease shall be entitled to reasonable and proper medical, surgical and hospital services, nursing, medicines, and mechanical, surgical aids, as needed, paid for by the employer.

. . . .

[¶ 18] Section 51–B provides that "[c]ompensation for medical expenses, aids and other services under section 52 is due and payable within 90 days from the date a request is made for payment of these expenses." 39 M.R.S.A. § 51–B(4) (1989), *repealed by* P.L.1991, ch. 885, § A–7. Section 52 was amended in 1985 to account for the "early pay system" and to require that the "employer shall ... make prompt payment for [medical services, etc.] to the provider or supplier or reimburse the employee, in accordance with section 51–B, subsection 4." P.L.1985, ch. 729, § 2.

[¶ 19] In *Wallace,* 640 A.2d at 203, the employee sought treatment at S.D. War-

ren's in-house medical department and was fitted with a back support in 1986. *Id.* at 203. The employer filed a first report of injury, but did not file a memorandum of payment or notice of controversy. *Id.* The hearing officer concluded that the employee's first petition for award in 1991 was time-barred under the two-year statute of limitations. *Id.* The employee contended on appeal that the provision of in-house medical treatment constituted a "payment under this Act" pursuant to the second-to-last sentence of section 95, which provides: "No petition of any kind may be filed more than 10 years following the date of the latest payment under this Act." 39 M.R.S.A. § 95 (1989), *amended by* P.L. 1991, ch. 615, § A–44. *Id.* at 204.

[¶ 20] In *Wallace*, we interpreted section 95 as that statute appeared *prior to the 1989 amendment.* "We do not address the applicability of the 1989 amendments to section 95." *Id.* at 203, n. 1. We concluded that in-house medical treatment was not a payment pursuant to section 51–B. *Id.* at 204–05.

[¶ 21] More recently in *Moreau*, 2000 ME 62, ¶ 9, 748 A.2d at 1004, we relied on *Wallace* to hold that the provision of in-house medical treatment does not constitute a "payment made under this Act" for purposes of extending the former ten-year statute of repose. In *Moreau*, we reasoned that section 51–B does not create any independent right to compensation for medical benefits apart from section 52, and therefore, there was no principled reason not to apply *Wallace*—if in-house medical treatment is not a payment pursuant to section 51–B, it must also not be a payment pursuant to section 52 for purposes of tolling the statute of repose. *Id.*

■ [¶ 22] The rationale of *Moreau* and *Wallace* control the present case. *Wallace* holds that in-house medical treatment is not a payment pursuant to section 51–B, but reserves the question of whether it is a payment sufficient to toll the two-year statute of limitations. *Moreau* holds that the provision of in-house medical treatment is not a payment pursuant to section 52, and therefore does not toll the then governing ten-year[7] statute of repose. Thus, in-house medical treatment is not a payment sufficient to toll the two-year statute of limitations or the ten-year or six-year statute of repose.[8]

## III. CONCLUSION

[¶ 23] Accordingly, we conclude:

1. The applicable version of section 106 required S.D. Warren to complete a first report of injury and provide a copy to the employee (which it apparently failed to do), but section 106 did not require S.D. Warren to file the first report. Therefore, failure to file the report did not toll the two-year statute of limitations pursuant to section 95;

2. The provision of in-house medical treatment did not toll the two-year statute of limitations.

The entry is:

The decision of the Workers' Compensation Board Hearing Officer is vacated. Remanded to the Workers' Compensation Board to dismiss the 1992 injury claims as barred by the then applicable statute of limitations.

7. See footnote 3.

8. Because it was not argued and need not be addressed, as we hold that the two-year statute of limitations bars Joyce's claims, we ex-

press no opinion on whether the six-year statute of limitations would also bar Joyce's claim for the April 1992 injury.