2008 ME 47

Marie Glenda WILSON

v.

BATH IRON WORKS.

Supreme Judicial Court of Maine.

Argued: Oct. 23, 2007.

Decided March 18, 2008.

Stephen W. Moriarty, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, ME, for Bath Iron Works Corporation.

James W. Case, Esq., James G. Fongemie, Esq., Jeffrey L. Cohen, Esq. (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, ME, for Marie Glenda Wilson.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] Bath Iron Works appeals from a decision of a Workers' Compensation Board hearing officer (*Knopf, HO*) granting Marie Glenda Wilson's petition for award and for payment of medical and related services for a July 1, 2000, gradual injury to her feet. Bath Iron Works (BIW) contends, pursuant to 39–A M.R.S. § 306(1) (2007), that Wilson's claim is barred by the two-year statute of limitations, and was not revived when BIW filed a first report of injury more than two years from the date of injury. The hearing officer concluded that the claim was not barred because the statute of limitations did not begin to run until the first report of injury was filed. We affirm.

## I. FACTUAL BACKGROUND

[¶ 2] Wilson worked at BIW for twenty-four years, mainly cleaning offices. She experienced pain in her feet beginning in the early 1990s. She underwent surgery on March 25, 2004, to remove bone spurs on her left heel. Wilson did not miss any work as a result of her foot problems until she underwent surgery. To that point, BIW had not paid any medical benefits for the injury, although Wilson had received treatment from her family doctor and a foot specialist beginning in 2003.

[¶ 3] Wilson filed a petition for award on May 4, 2004, seeking total incapacity benefits for the period of time she missed work as a result of the surgery, from March 25, 2004, through September 2, 2004, along with payment of medical benefits for the costs related to the surgery and the treatment of her feet. BIW filed its first report of injury on May 13, 2004, pursuant to 39–A M.R.S. § 303 (2007).[1] The hearing officer determined that BIW properly filed the first report of injury in response to the petition for award.

[¶ 4] In its answer to the petition, BIW asserted a statute of limitations defense. The date of injury was contested at the hearing. Wilson contended that the injury occurred in February of 2004; BIW argued that Wilson suffered alleged work-related symptoms as early as 1999. The hearing officer assigned a date of injury of July 1, 2000. She determined that Wilson's foot condition was a gradual injury, and that Wilson had both suffered symptoms and was aware that the condition was work-related on that date.[2]

[¶ 5] In an initial decree dated May 27, 2005, the hearing officer denied the petition for award concluding that Wilson's claim was barred by the statute of limitations because the petition was filed more than two years from the date of injury. Upon Wilson's request for additional findings of fact and conclusions of law, however, the hearing officer reconsidered that conclusion, and determined that Wilson's claim was not time-barred because the limitations period did not begin to run until the employer filed its first report of injury in May of 2004. BIW filed a petition for appellate review, which we granted pursuant to 39–A M.R.S. § 322(3) (2007) and M.R.App. P. 23.

## II. DISCUSSION

[¶ 6] BIW contends that Wilson's claim is barred by the statute of limitations because Wilson filed her petition more than two years from the July 1, 2000, date of injury, and because BIW's obligation to file a first report of injury was not triggered until after the two-year limitations period had expired.

[¶ 7] The applicable statute, 39–A M.R.S. § 306(1), provides that "a petition brought under this Act is barred unless filed within 2 years after the date of injury or the date the employee's employer files a first report of injury as required in section 303, *whichever is later*." (Emphasis added.) Pursuant to 39–A M.R.S. § 303, an employer is not required to file a first report of injury until an employee has lost a day's work.[3] The filing of a first report

---

1. Whether BIW received timely notice of the injury pursuant to 39–A M.R.S. § 301 (2007) was not at issue.

2. "A gradual injury is a single injury caused by repeated, cumulative trauma without any sudden incapacitating event." *Derrig v. Fels Co.*, 1999 ME 162, ¶ 7, 747 A.2d 580, 582.

The date of injury is "the date the employee is aware of the injury and aware of its compensable nature." *Id.*

3. Title 39–A M.R.S. § 303 (2007) provides, in relevant part:

of injury triggers action by the Board to ensure that an employee has notice of her rights and obligations under the Workers' Compensation Act, including "that rights under this Act may not be protected unless a petition of award ... is on file with the board within 2 years of the injury." 39–A M.R.S. § 304 (2007);[4] *see also Stickles v. United Parcel Service,* 554 A.2d 1176, 1179 (Me.1989).

[¶ 8] Prior to amendments enacted in 1999, section 306 read as follows, in pertinent part:

> An employee's claim for compensation under this Act is barred unless an agreement or petition is filed within 2 years after the date of the injury or, if the employee is paid by the employer or the insurer without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, files a first report of injury as required by section 303 of this Act.

39–A M.R.S.A. § 306 (Supp.1998). This language was carried over from the prior version of the Act. *See* 39 M.R.S.A. § 95 (1989).

[¶ 9] In 1999, the Legislature divided section 306 into subsections and specifically added the language "whichever is later" in subsection one. P.L. 1999, ch. 354, § 6 (effective Sept. 18, 1999). The original 1999 legislative document did not contain the phrase "whichever is later," L.D. 1067 (119th Legis. 1999); that language was added in Committee Amendment A, which was ultimately enacted into law. Comm. Amend. A to L.D. 1067, No. S–241 (119th Legis. 1999). The legislative summary that accompanied the amendment states, in pertinent part:

> [This amendment] rewrites the provision relating to the time for filing petitions to clarify current law and makes that clarification applicable to injuries occurring on or after January 1, 1993.

Comm. Amend, to A L.D. 1067, Summary.

[¶ 10] Looking at both the language of the statute and its legislative history, the hearing officer concluded that pursuant to section 306(1), the statute of limitations expires two years after the date of injury *or* two years after the date the employer files the first report of injury, *whichever is later.* She concluded that the Legislature

---

When any employee has reported to an employer under this Act any injury arising out of and in the course of the employee's employment that has caused the employee to lose a day's work, or when the employer has knowledge of any such injury, the employer shall report the injury to the board within 7 days after the employer receives notice or has knowledge of the injury.

4. Title 39–A M.R.S. § 304 (2007) provides, in relevant part:

    **1. Inform employee.** Immediately upon receipt of the employer's report of injury required by section 303, the board shall contact the employee and provide information explaining the compensation system and the employee's rights. The board shall advise the employee how to contact the board for further assistance and shall provide that assistance.

  . . . .

    **3. Notice by board.** Within 15 days of receipt of an employer's report of injury, as required by section 303, unless it has received a petition for award of compensation relating to the injured employee, the board shall take reasonable steps to notify the employee that, unless the employer disputes the claim, the employer is required to pay compensation within the time limits established in section 205; that a petition for award may be filed; and that rights under this Act may not be protected unless a petition of award or memorandum of payment is on file with the board within 2 years of the injury.

contemplated that there would be cases in which the obligation to file a first report of injury would not arise until more than two years from the date of injury, such as occurred here, when the employee missed no work until more than two years after the injury occurred. She also reasoned that the notice provisions of section 304 would be rendered less than meaningful if the employee's rights were cut off before she received notice of those rights.

[¶ 11] Our standard of review of a hearing officer decision interpreting a provision of the Workers' Compensation Act is as follows:

> Our purpose in construing a statute is to give effect to the legislative intent. *Pinkham v. Morrill,* 622 A.2d 90, 95 (Me.1993). In determining the legislative intent, we look first to the plain meaning of the statutory language, *Estate of Stone v. Hanson,* 621 A.2d 852, 853 (Me.1993), and we construe that language to avoid absurd, illogical or inconsistent results. *Rowe v. Chapman Trucking,* 629 A.2d 1224, 1228 (Me. 1993). In addition to examining the plain language, we also consider "the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Davis v. Scott Paper Co.,* 507 A.2d 581, 583 (Me.1986). If the statutory language is ambiguous, we then look beyond the plain meaning and examine other indicia of legislative intent, including its legislative history. *Marchand v. Eastern Welding Co.,* 641 A.2d 190, 193 (Me.1994). We have noted that decisions of the Board interpreting the Workers' Compensation Act are "en-

titled to great deference and will be upheld on appeal unless the statute plainly compels a different result." *Nielsen v. Burnham & Morrill, Inc.,* 600 A.2d 1111, 1112 (Me.1991).

*Jordan v. Sears, Roebuck & Co.,* 651 A.2d 358, 360 (Me.1994).

[¶ 12] BIW contends that the hearing officer's interpretation of section 306(1) would indefinitely toll the statute in cases in which an employer is not required to file a first report of injury, and thus would lead to absurd and illogical results inconsistent with the overall cost-saving purpose of the Workers' Compensation Act. BIW further argues that failure to file a first report of injury tolls the statute only when the employer is obligated to file the report within the two-year period from the date of injury, and filing a first report of injury after the claim has expired should not revive the claim. *See Harvie v. Bath Iron Works Corp.,* 561 A.2d 1023, 1025 (Me. 1989) (holding that payment by the employer after the statute had expired does not revive an expired claim).

[¶ 13] BIW also asserts that the 1999 amendments to section 306 constitute mere "housekeeping," and should not be construed to overrule a series of former Appellate Division cases holding that when the employer has no duty to file a first report of injury, the two-year period begins to run on the date of injury.[5] BIW also contends that this case is controlled by *Joyce v. S.D. Warren Co.,* 2000 ME 163, ¶ 12, 759 A.2d 712, 716 (stating, pursuant to the prior version of the statute, that "the statute of limitations is not tolled when one does not file a first report of injury that is not required to be filed").

---

5. *See Poulin v. Edward Bernard, Inc.,* Me. W.C.C. App. Div. 90–79 (Me.1990); *Wood v. State of Maine,* Me. W.C.C. App. Div. 90–74 (Me.1990); *Mullin v. City of S. Portland,* Me. W.C.C. App. Div. 90–14 (Me.1990); *Richards v. S.D. Warren Co.,* Me. W.C.C. App. Div. 89–74 (Me.1989).

[¶ 14]   Both the *Joyce* decision and the Appellate Division cases cited by BIW involve a prior version of the statute of limitations that predates the 1999 amendments to section 306, that specifically does *not* include the phrase "whichever is later."

[¶ 15]   The meaning of section 306(1) is clear in its current form: the statute of limitations expires two years after the date of injury *or* two years after the date the employer files the first report of injury, *whichever is later.*   There is nothing in the statute to indicate that the limitations period should be extended by the filing of a first report of injury only when the employer has a duty to file such a first report during the two-year period following the date of injury.   Accordingly, the hearing officer correctly determined that the limitations period in this case began to run on the date that BIW filed the first report of injury, and that Wilson's claim is not time-barred.

The entry is:

The decision of the Workers' Compensation Board hearing officer is affirmed.