2012 ME 128

**Richard GRAVES**

v.

**BROCKWAY–SMITH CO., et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 11, 2012.
Decided: Nov. 15, 2012.

Evan M. Hansen, Esq., and John J. Cronan III, Esq. (orally), Preti, Flaherty, Beliveau & Pachios, LLP, Portland, for appellants Brockway–Smith Company and MMTA Workers' Compensation Trust.

James J. MacAdam, Esq. (orally), Nathan A. Jury, Esq., and David E. Hirtle, Esq., MacAdam Jury, P.A., Portland, on the briefs, for appellee Richard Graves.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

Majority: LEVY, SILVER, MEAD, and JABAR, JJ.

Dissenting: SAUFLEY, C.J., and ALEXANDER, and GORMAN, JJ.

SILVER, J.

[¶ 1] Brockway–Smith Company and MMTA Workers' Compensation Trust appeal from a decision of a Workers' Compensation Board hearing officer (*Goodnough, HO*) awarding incapacity benefits to Richard Graves for a 2003 work-related injury to his left shoulder. Brockway–Smith contends that Graves's claim for the 2003 injury is barred for failure to file it within the six-year limitations period in 39–A M.R.S. § 306(2) (2011).[1] We are asked to decide whether that six-year period was tolled until the employer filed a first report of injury with the Workers' Compensation Board, even though at the time of the injury the employer was not required to file a first report pursuant to 39–A M.R.S. § 303 (2011). We agree that the limitations period did not begin to run until the first report was filed, and we affirm the hearing officer's decision.

## I. BACKGROUND

[¶ 2] Richard Graves worked for Brockway–Smith first as a truck driver, then as a warehouse worker, from 1986 until 2009. Graves suffered a gradual overuse injury to his left shoulder in January 2003, caused by repeatedly cutting open cardboard boxes with a knife.[2] He was diagnosed with calcific tendinitis, and received treatment through May of 2003. He did not miss any work but was under a restriction at that time to minimize use of the left shoulder. He continued to experience low-level pain, and Brockway–Smith accommodated him on an informal basis. Graves received no additional medical treatment for his shoulder until May 2008. He underwent left shoulder replacement surgery in 2009.

[¶ 3] Graves timely reported the 2003 injury to Brockway–Smith. Brockway–Smith completed a first report of injury, but because it was a "medical only" injury—Graves did not lose any time from work—Brockway-Smith was not required to and did not file the report with the Board. *See* 39–A M.R.S. § 303. Brockway–Smith paid all medical bills for the injury, the last of which was paid on June 27, 2003.

---

1. The Maine Workers' Compensation Act of 1992, 39–A M.R.S. §§ 101–909 (2011), including 39–A M.R.S. § 306 (2011), has been substantially amended since the hearing officer issued the decree in this case. *See* P.L.2011, ch. 647 (effective Aug. 30, 2012). Portions of the amended Act apply to employees injured on or after January 1, 2013. *Id.*

2. Graves also filed petitions alleging three additional work injuries—a 2000 injury to his right knee, a 2004 injury to his left middle finger, and a 2008 injury to the left shoulder. None of those injuries are at issue in this appeal.

[¶ 4] Graves filed a petition for award for the 2003 shoulder injury on March 15, 2010. Brockway–Smith filed a first report of injury after receiving the petition, and asserted as a defense that Graves's petition was filed beyond the limitations period provided for in 39–A M.R.S. § 306(2).

[¶ 5] The hearing officer determined that the claim was not barred, following our decision in *Wilson v. Bath Iron Works*, 2008 ME 47, 942 A.2d 1237, *abrogated by Jensen v. S.D. Warren Co.*, 2009 ME 35, ¶ 26, 968 A.2d 528. In *Wilson*, we held that pursuant to 39–A M.R.S. § 306(1) (2007),[3] "the statute of limitations expires two years after the date of injury *or* two years after the date the employer files the first report of injury, *whichever is later*." 2008 ME 47, ¶ 15, 942 A.2d 1237. Based on the language in section 306(2), the hearing officer concluded that the six-year period similarly did not begin to run until the employer filed the first report of injury in 2010.

[¶ 6] The hearing officer proceeded to grant the petition and awarded Graves partial incapacity benefits for the period following his termination from Brockway–Smith (January 30, 2009, until June 9, 2009); total incapacity benefits for the period following his shoulder replacement surgery (June 9, 2009, until September 3, 2009); and partial incapacity benefits thereafter.

[¶ 7] Graves filed a motion for additional findings of fact and conclusions of law pursuant to 39–A M.R.S. § 318 (2011), and both parties filed proposed findings. The hearing officer granted the motion and, based on evidence of a work search and our decision in *Monaghan v. Jordan's Meats*, 2007 ME 100, 928 A.2d 786, changed the decision to award Graves ongoing 100% partial incapacity benefits beginning July 10, 2010. The hearing officer also issued additional findings of fact and conclusions of law regarding the six-year limitations period but did not alter the decision on that issue.

[¶ 8] Pursuant to 39–A M.R.S. § 320 (2011),[4] the hearing officer then submitted to the full Workers' Compensation Board the question of whether the holding in *Wilson*, which involved application of the two-year statute of limitations in 39–A M.R.S. § 306(1), should be applied to cases involving the six-year statute of limitations in section 306(2). The Board denied the request for review. Brockway–Smith then filed a petition for appellate review, which we granted pursuant to 39–A M.R.S. § 322(3) (2011) and M.R.App. P. 23(c).

## II. DISCUSSION

### A. Statutes of Limitations and the Standard of Review

[¶ 9] We are called upon to construe the limitations period provided for in 39–A M.R.S. § 306(2). "When construing provisions of the Workers' Compensation Act, our purpose is to give effect to the Legislature's intent." *Hanson v. S.D.*

---

**3.** Section 306 remained the same from that time until the time relevant to this case. *See* 39–A M.R.S. § 306 (2011).

**4.** Title 39–A M.R.S. § 320 (2011) provides, in relevant part:

A hearing officer may request that the full board review a decision of the hearing officer if the decision involves an issue that is of significance to the operation of the work-ers' compensation system.... There may be no such review of findings of fact made by a hearing officer.

. . . .

The board shall vote on whether to review the decision. If a majority of the board's membership fails to vote to grant review or the board fails to act within 60 days after receiving the initial request for review, the decision of the hearing officer stands.

*Warren Co.,* 2010 ME 51, ¶ 12, 997 A.2d 730. "In so doing, we first look to the plain meaning of the statutory language, and construe that language to avoid absurd, illogical, or inconsistent results." *Id.* We also consider "the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Davis v. Scott Paper Co.,* 507 A.2d 581, 583 (Me.1986). "If the statutory language is ambiguous, we then look beyond the plain meaning and consider other indicia of legislative intent, including legislative history." *Damon v. S.D. Warren Co.,* 2010 ME 24, ¶ 10, 990 A.2d 1028. "Statutory language is ambiguous if it is reasonably susceptible of different interpretations." *Id.*

[¶ 10] The parties in this case each argue that the Legislature's intent is discernable from the plain language of section 306(2), but they argue for competing plain language interpretations. Brockway–Smith contends that the language in section 306(2) means that the six-year limitations period begins to run when the employer has made a payment within the two-year period prescribed in 39–A M.R.S. § 306(1) (2011). Graves contends it means that the six-year period does not begin to run until a payment is made after the employer files a first report of injury.

B. Title 39–A M.R.S. § 306 (2011) and its Statutory Context

[¶ 11] Title 39–A M.R.S. § 306[5] provides, in relevant part:

 **1. Statute of limitations.** Except as provided in this section, a petition brought under this Act is barred unless filed within 2 years after the date of injury or the date the employee's employer files a first report of injury as required in section 303, whichever is later.

 **2. Payment of benefits.** If an employer or insurer pays benefits under this Act, with or without prejudice, within the period provided in subsection 1, the period during which an employee or other interested party must file a petition is 6 years from the date of the most recent payment.

[¶ 12] Title 39–A M.R.S. § 303 is referenced in section 306(1). Pursuant to section 303, an employer is not required to file a first report of injury until an employee has lost a day's work.[6] Section 303 provides, in relevant part:

 When any employee has reported to an employer under this Act any injury arising out of and in the course of the employee's employment that has caused the employee to lose a day's work, or when the employer has knowledge of any such injury, the employer shall report the injury to the board within 7 days after the employer receives notice or has knowledge of the injury.... The employer shall complete a first report of injury form for any injury that has required the services of a health care provider within 7 days after the employer receives notice or has knowledge of the injury. The employer shall provide a copy of the form to the injured employee and retain a copy for the employer's records but is not obligated to submit the form to the board unless the injury

---

5. The parties do not dispute that Brockway–Smith made medical payments that constitute "benefits under this Act," and that section 306(2) applies. *See* 39–A M.R.S. § 306(2).

6. An employer can file a first report of injury at any time and need not wait until the employee has lost a day's work. This report can be filed electronically. Filing, however, may affect the employer's ratings and costs.

later causes the employee to lose a day's work.

[¶ 13] The filing of a first report of injury with the Board triggers action by the Board pursuant to 39–A M.R.S. § 304 (2011) for the benefit of the employee to ensure that the employee has notice of the employee's rights under the Act, including notice of the two-year limitations period for filing claims. *See* 39–A M.R.S. § 304;[7] *Wilson,* 2008 ME 47, ¶ 7, 942 A.2d 1237; *Stickles v. United Parcel Serv.,* 554 A.2d 1176, 1179 (Me.1989).

## C. *Wilson v. Bath Iron Works* and Legislative History

[¶ 14] In *Wilson,* we analyzed the statutory language and the legislative history of section 306(1) and determined that the two-year limitations period did not begin to run until the employer filed a first report of injury—even though the employer was not required to file a first report. 2008 ME 47, ¶ 15, 942 A.2d 1237. We observed that section 306 had been amended in 1999. P.L.1999, ch. 354, § 6 (effective Sept. 18, 1999). *Wilson,* 2008 ME 47, ¶ 9, 942 A.2d 1237. Prior to that amendment, the statute read as follows, in relevant part:

An employee's claim for compensation under this Act is barred unless an agreement or petition is filed within 2 years after the date of the injury or, if the employee is paid by the employer or the insurer without the filing of any petition or agreement, within 2 years of any payment by such employer or insurer for benefits otherwise required by this Act. The 2–year period in which an employee may file a claim does not begin to run until the employee's employer, if the employer has actual knowledge of the injury, files a first report of injury as required by section 303 of this Act. . . . No petition of any kind may be filed more than 6 years following the date of the latest payment made under this Act.

39–A M.R.S.A. § 306 (Supp.1998). This language was carried over in large part from the prior version of the Act. *See* 39 M.R.S.A. § 95 (1989).

[¶ 15] "In 1999, the Legislature divided section 306 into subsections and specifically added the language 'whichever is later' in subsection one." *Wilson,* 2008 ME 47, ¶ 9, 942 A.2d 1237 (citing P.L.1999, ch. 354, § 6).[8] In *Wilson,* we attributed signifi-

---

7. Title 39–A M.R.S. § 304 (2011) provides, in relevant part:
 **1. Inform employee.** Immediately upon receipt of the employer's report of injury required by section 303, the board shall contact the employee and provide information explaining the compensation system and the employee's rights. The board shall advise the employee how to contact the board for further assistance and shall provide that assistance.
 . . . .
 **3. Notice by board.** Within 15 days of receipt of an employer's report of injury, as required by section 303, unless it has received a petition for award of compensation relating to the injured employee, the board shall take reasonable steps to notify the employee that, unless the employer disputes the claim, the employer is required to pay

compensation within the time limits established in section 205; that a petition for award may be filed; and that rights under this Act may not be protected unless a petition of award or memorandum of payment is on file with the board within 2 years of the injury.

8. The Legislature has since amended section 306(1) again. It now provides that the two-year limitations period will be tolled by the failure to file a first report of injury only if the employer was required to file the report pursuant to section 303. P.L.2011, ch. 647, § 18 (effective Aug. 30, 2012) (to be codified at 39–A M.R.S. § 306(1)). The statute was amended as follows:
 **1. Statute of limitations.** Except as provided in this section, a petition brought

cance to the addition of the phrase "whichever is later," noting that the applicable version of the statute said nothing about the period of limitations being tolled only by the employer's failure to file *when the employer had a duty to file. Wilson,* 2008 ME 47, ¶ 15, 942 A.2d 1237. We reasoned:

> The meaning of section 306(1) is clear in its current form: the statute of limitations expires two years after the date of injury *or* two years after the date the employer files the first report of injury, *whichever is later. There is nothing in the statute to indicate that the limitations period should be extended by the filing of a first report of injury only when the employer has a duty to file such a first report during the two-year period following the date of injury.* Accordingly, the hearing officer correctly determined that the limitations period in this case began to run on the date that BIW filed the first report of injury, and that Wilson's claim is not time-barred.

*Id.* (emphasis added).

D. Analysis

■ [¶ 16] The hearing officer determined that pursuant to the plain language of section 306(2), the six-year period was tolled until Brockway–Smith filed the first report of injury in 2010 because (1) section 306(2) specifically refers back to 306(1) in setting the starting point for when the six-year period is triggered; (2) that starting point in section 306(1) is "within 2 years after the date of injury or the date the employee's employer files a first report of injury as required in section 303, whichever is later"; and (3) the same policy reason we found significant in *Wilson*—that the filing of the first report of injury triggers

formal notification rights to the employee—supports tolling the six-year period until the first report is filed. Thus, the hearing officer determined that *Wilson* governed the outcome and the claim was not barred.

[¶ 17] Brockway–Smith argues that *Wilson* does not apply here because the language of section 306(2) differs from section 306(1). Section 306(2) does not contain the phrase "whichever is later," and it does not refer to filing a first report of injury. We disagree with Brockway–Smith and affirm the hearing officer's decision.

[¶ 18] Looking at the plain language of section 306(2), the six-year period begins to run when payments are made "within the period provided in subsection 1." The "period provided in subsection 1" does not begin to run until the filing of the first report, regardless of whether the employer was required to file a first report and regardless of whether the employer paid benefits. This reading of the statute is consistent with our decision in *Wilson* and the policy reasons articulated in that decision. Employers should not be able to assert a statute of limitations defense without first filing a first report of injury because the first report prompts the Board to notify injured employees of their rights under the Act. The notice provisions of section 304 would be rendered meaningless if the employee's rights were cut off before receiving notice of those rights.

The entry is:

The decision of the Workers' Compensation Board hearing officer is affirmed.

---

under this Act is barred unless filed within 2 years after the date of injury or the date the employee's employer files a required first report of injury ~~as~~ if required in section 303, whichever is later.

The amendment does not have retroactive application and does not apply in this case.

GORMAN, J., with whom SAUFLEY, C.J., and ALEXANDER, J., join, dissenting.

[¶ 19] Four years ago, in *Wilson v. Bath Iron Works*, 2008 ME 47, 942 A.2d 1237, we interpreted 39–A M.R.S. § 306(1) (2007) as providing benefits to an employee who first lost time from work as a result of a work-related injury more than ten years after the injury occurred based on a specific phrase found within that section. Today, the Court has applied our holding in that case to a completely separate statutory provision. Because I am convinced that *Wilson* does not apply to this case, and because I am convinced that Graves's petition was not timely, I respectfully dissent.

[¶ 20] In this case, as the Court has correctly noted, Graves reported his 2003 injury to Brockway–Smith in 2003, and Brockway–Smith properly and promptly completed a first report of injury, but because Graves did not lose any time from work, Brockway–Smith was not required to and did not file the report with the Board. *See* 39–A M.R.S. § 303 (2011). Brockway–Smith then paid all of the medical bills for the 2003 injury that Graves submitted to it. Brockway–Smith last paid a bill associated with Graves's 2003 injury on June 27, 2003.

[¶ 21] Graves filed a petition for award for the 2003 injury on March 10, 2010. The hearing officer determined that Graves's claim was not barred, despite the delay of nearly seven years, based on his interpretation of our decision in *Wilson*. In *Wilson*, we held that, pursuant to section 306(1), "the statute of limitations expires two years after the date of injury *or* two years after the date the employer files the first report of injury, *whichever is later*." 2008 ME 47, ¶ 15, 942 A.2d 1237. Although Graves's claim had to be considered in light of the language in 39–A M.R.S. § 306(2) (2011), a section that does not contain the emphasized language, and which was never considered in *Wilson*, the Court has used *Wilson* to conclude that Graves's petition was not barred by section 306(2)'s six-year statute of limitations.

[¶ 22] *Wilson* does not apply here for the simple reason that the language of section 306(2) differs from 39–A M.R.S. § 306(1) (2011). Section 306(2) does not contain the phrase "whichever is later"— the basis for our decision in *Wilson*—and it does not even refer to filing a first report of injury. Moreover, the Court's interpretation of section 306(2) renders the act of paying benefits, which pursuant to the plain language comprises both the condition for the application of section 306(2) and the triggering event for the six-year limitations period, irrelevant. According to this interpretation, the filing of the first report would start the limitations period irrespective of whether benefits had been paid.

[¶ 23] The Court's interpretation of section 306(2) permits the employee to wait to file a petition until two years after the time the employer files the first report, *and* if benefits were paid within those two years, an additional six years after the payment. Such an extended period is illogical, given that the purpose of a statute of limitations in the context of workers' compensation "is to reconcile an injured party's interest in compensation with the employer's interest in a terminal date to litigation." *Hird v. Bath Iron Works Corp.*, 512 A.2d 1035, 1037 (Me.1986); *see also Pino v. Maplewood Packing Co.*, 375 A.2d 534, 537 (Me.1977). "The goal is to 'protect the employer against claims too old to be successfully investigated and defended.'" *Hird*, 512 A.2d at 1037 (quoting 3 Larson, *Workmen's Compensation Law*, § 78.10 at 15–82 (1983)).

[¶ 24] The six-year period in section 306(2) gives an employee a relatively long initial period to assert his or her rights. Moreover, the payment of benefits by the employer provides adequate notice to the employee that his or her rights are governed by the Act and that the employee should not sit on those rights. Six years beyond the most recent benefit payment provides adequate time for an employee to seek assistance and determine what those rights are. As we construe the statute, the six-year period embodies the Legislature's intent to balance an injured worker's interest in compensation with the employer's interest in finality. *See Hird,* 512 A.2d at 1037.

[¶ 25] Because the hearing officer stretched the *Wilson* decision into an area where it has no application, I would vacate his decision and remand the case for entry of a decision denying the petition for award for the 2003 date of injury.