MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 45
Docket:       WCB-15-166
Argued:       February 9, 2016
Decided:      March 31, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

BRENDA L. FREEMAN

v.

NEWPAGE CORPORATION et al.

GORMAN, J.

[¶1]     Brenda L. Freeman appeals from an order of the Workers'
Compensation Board Appellate Division affirming the hearing officer's
(*Knopf, HO*) decision that, because Freeman was already receiving the statutory
maximum weekly compensation benefit due to a 2007 injury, she was not entitled
to further compensation during a period of incapacity that resulted from a separate
work-related injury in 2011.  Freeman argues that the hearing officer erred by
construing the statutory maximum benefit provision as a total ceiling on the
potential benefits available to an injured worker.  We affirm the decision.

I.  BACKGROUND

[¶2]     After Freeman filed a petition for award of compensation with the
Board in June of 2012, she and her employer, NewPage Corporation, stipulated to

2

the following facts. Freeman suffered a work-related injury in 2007, when her average wage was $2,044.87 per week. After the injury, Freeman returned to work for NewPage, but in a lower-paying position. As a result of the decrease in her weekly wage, Freeman received partial incapacity benefit payments in addition to her wages. In December of 2011, Freeman suffered a second work-related injury, which caused her to be completely unable to work between March 30, 2012, and September 10, 2012. During that period of incapacity, NewPage paid Freeman 100% partial incapacity benefits, based on the 2007 injury. Based on her 2007 weekly wage, Freeman received the maximum compensation rate available during her period of incapacity. Freeman claims that although she was already receiving benefits that equaled the maximum compensation rate as a result of her 2007 injury, she was eligible for additional compensation—for the same period—as a result of her 2011 injury.

[¶3] Considering the stipulated facts, the hearing officer concluded that Freeman was entitled to the protection of the Workers' Compensation Act for the 2011 injury but, applying 39-A M.R.S. § 211 (2011),[1] also concluded that she was ineligible for compensation beyond the statutory maximum benefit, regardless of the number of injuries. Freeman appealed from the hearing officer's decision, and

---

[1] Title 39-A M.R.S. § 211 was amended in 2012. P.L. 2011, ch. 647, § 3 (effective Aug. 30, 2012) (codified at 39-A M.R.S. § 211 (2015)). As we discuss below, *see infra* n.3, we review the statute in effect at the time of Freeman's injury.

the Appellate Division unanimously affirmed. We granted Freeman's petition for appellate review pursuant to 39-A M.R.S. § 322 (2014)[2] and M.R. App. P. 23, and this appeal followed.

## II. DISCUSSION

[¶4] Pointing out that her 2011 injury caused a second, separate loss of earning capacity, Freeman argues, as she did before the hearing officer and the Appellate Division, that we should interpret 39-A M.R.S. § 211 as setting the maximum benefit that an employee may receive for each separate loss of earning capacity, and not as setting the total compensation that an employee may receive for any number of injuries.

[¶5] When, as in this case, we consider a hearing officer's decision that has been reviewed by the Appellate Division, we review the hearing officer's decision directly. *Workers' Comp. Bd. Abuse Investigation Unit v. Nate Holyoke Builders, Inc.*, 2015 ME 99, ¶ 13, 121 A.3d 801. We "review questions of law, including statutory interpretation, de novo," *Estate of Sullwold v. Salvation Army*, 2015 ME 4, ¶ 7, 108 A.3d 1265, and "constru[e] provisions of the Workers' Compensation Act . . . to give effect to the Legislature's intent," *Graves v. Brockway-Smith Co.*, 2012 ME 128, ¶ 9, 55 A.3d 456 (quotation marks omitted).

---

[2] In ways not relevant to this appeal, 39-A M.R.S. § 322 has been amended since we granted Freeman's petition for appellate review. P.L. 2015, ch. 297, § 17 (effective Oct. 15, 2015) (codified at 39-A M.R.S. § 322 (2015)).

4

First, we "look to the plain meaning of the statutory language, and construe that language to avoid absurd, illogical, or inconsistent results." *Graves*, 2012 ME 128, ¶ 9, 55 A.3d 456 (quotation marks omitted). "We also consider the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Id.* (quotation marks omitted).

[¶6] When Freeman was injured in December of 2011, the Maine Workers' Compensation Act's maximum benefit provision stated as follows:

### § 211.  Maximum benefit levels

Effective January 1, 1993, the maximum weekly benefit payable under section 212, 213 or 215 is $441 or 90% of state average weekly wage, whichever is higher.  Beginning on July 1, 1994, the maximum benefit level is the higher of $441 or 90% of the state average weekly wage as adjusted annually utilizing the state average weekly wage as determined by the Department of Labor.

39-A M.R.S. § 211 (2011).[3]  Sections 212, 213, and 215 set forth methods for calculating various forms of workers' compensation benefits; each specifies that, in

---

[3] This statutory language was in effect until August 30, 2012.  *See* P.L. 2011, ch. 647, § 3 (effective Aug. 30, 2012) (codified at 39-A M.R.S. § 211 (2015)).  Freeman relies, in part, on new language in the amended statute.  The 2012 amendments were not in effect on the dates of either injury at issue in this case, during the majority of Freeman's period of incapacity, or when she filed her petition for award of compensation.  We therefore review the statute as it existed before the 2012 amendments.  *See* 1 M.R.S. § 302 (2015) ("Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby."); *DeMello v. Dep't of Envtl. Prot.*, 611 A.2d 985, 986-87 (Me. 1992) (interpreting 1 M.R.S. § 302 to mean that "absent clear and unequivocal language to the contrary," statutory amendments do not apply to proceedings pending when those amendments are passed (quotation marks omitted)); *see also Clark v. Int'l Paper Co.*, 638 A.2d 65, 67 (Me. 1994) ("Permanent

any event, the employer shall pay the injured employee "not more than the maximum benefit under section 211." 39-A M.R.S. §§ 212(1), 213(1), 215(1) (2011).[4] Freeman argues that the use in those sections of the term "injury," in its singular form, shows that the Legislature intended for the maximum weekly benefit provision in section 211 to apply to each of an employee's injuries separately. We disagree.

[¶7] Although sections 212, 213, and 215 all use the term "the injury," the benefit calculation for each section is still subject to the "maximum benefit" expressed in section 211. Section 211 does not provide for any exceptions or contingencies to its "maximum" benefit. "Maximum" means "the greatest quantity or value attainable in a given case" or "an upper limit allowed by law or other authority." Webster's Third New International Dictionary 1396 (2002). Interpreting the statute to allow an employee to receive more than one "maximum" benefit, or to receive benefits in addition to the "maximum" benefit, would therefore contradict the plain meaning of the word "maximum." *See Cent. Me. Power Co. v. Devereux Marine, Inc.*, 2013 ME 37, ¶ 8, 68 A.3d 1262 ("All words

---

impairment benefits are governed by the law in effect on the date of the injury."). We note also that nothing in the amended statute supports a result different from that which we reach today.

  [4] In ways not relevant to this appeal, 39-A M.R.S. §§ 212(1), 213(1), and 215(1) have been amended since the time of Freeman's injury in 2011. *See* P.L. 2011, ch. 647, §§ 4, 12 (effective Aug. 30, 2012); P.L. 2015, ch. 297, § 8 (effective Oct. 15, 2015); 39-A M.R.S. §§ 212(1), 213(1), 215(1) (2015).

6

in a statute are to be given meaning, and no words are to be treated as surplusage if they can be reasonably construed." (quotation marks omitted)).

[¶8] The Legislature could have included in section 211 limiting language such as "for each date of injury" or "for each separate loss of earning capacity." It did not do so, and "we do not read exceptions, limitations, or conditions into an otherwise clear and unambiguous statute." *Adoption of M.A.*, 2007 ME 123, ¶ 9, 930 A.2d 1088. We therefore conclude that the hearing officer correctly determined that the statutory maximum benefit provision unambiguously establishes the highest weekly benefit available to an injured employee, regardless of the number of injuries the employee suffers. Freeman's argument that the statute produces unfair results for high wage earners who suffer multiple separate injuries is best made to the Legislature.[5]

The entry is:

> The decision of the Workers' Compensation Board Appellate Division affirming the hearing officer's decision is affirmed.

---

[5] Freeman also urges us to take guidance from the United States Court of Appeals for the Ninth Circuit. In *Stevedoring Services of America v. Price*, interpreting the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C.S. §§ 901-950 (LEXIS through Pub. L. No. 114-15), that court held that an employee who experienced two separate injuries causing two separate losses of earning capacity was eligible for the maximum compensation benefit for each injury. 366 F.3d 1045, 1051-58 (9th Cir. 2004). We decline the invitation to adopt an interpretation of a wholly separate federal statutory scheme in this case, which involves only the Maine Workers' Compensation Act.

**On the briefs:**

James J. MacAdam, Esq., and Nathan A. Jury, Esq., MacAdam Jury, P.A., Portland, for appellant Brenda L. Freeman

Richard D. Tucker, Esq., and Michael Tadenev, Esq., Tucker Law Group, Bangor, for appellees NewPage Corporation and Sedgwick CMS

**At oral argument:**

James J. MacAdam, Esq., for appellant Brenda L. Freeman

Richard D. Tucker, Esq., for appellees NewPage Corporation and Sedgwick CMS

Workers' Compensation Board Appellate Division case no. 14-0025
FOR CLERK REFERENCE ONLY